IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| JOVITA DUNCAN, | § | |
|        *Plaintiff*, | § | |
| | § | |
| v. | § | No. MO:16-CV-397-DC |
| | § | |
| RELATED MANAGEMENT | § | |
| COMPANY, LP, | § | |
|        *Defendant*. | § | |

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND TAXABLE COSTS

BEFORE THE COURT is Defendant Related Management Company, L.P.'s Motion for Attorneys' Fees and Taxable Costs (Motion). (Doc. 108). After due consideration of the parties' arguments and the relevant law, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion. *Id.*

## I.    BACKGROUND

Plaintiff Jovita Duncan initiated this action against Defendant, her former employer, on December 16, 2016. (Doc. 1). Plaintiff, an African American woman, worked as a Maintenance Technician at one of Defendant's properties from October 2015 through December 2015. *Id.* Alleging violative conduct by Defendant and pretextual reasons for her termination, Plaintiff brought claims of race discrimination, sex discrimination, race retaliation, sex retaliation, and hostile work environment pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), as well as a race discrimination claim under 42 U.S.C. § 1981. (Doc. 28). In its Answer, Defendant asserted a breach-of-contract counterclaim for Plaintiff's non-payment of rent. (Doc. 5).

On February 22, 2018, Defendant filed Motions for Summary Judgment as to Plaintiff's claims and its own counterclaim. (Docs. 38, 39). Ultimately, the Court denied Defendant's Motion for Summary Judgment as to Plaintiff's Title VII claims of sex discrimination and hostile work environment, but granted Defendant's Motion for Summary Judgment as to Plaintiff's Title VII

claims of race discrimination, race and sex retaliation as well as her § 1981 race discrimination claim. (Doc. 75). Further, the Court dismissed Defendant's counterclaim for breach of contract. *Id.* Accordingly, the matter proceeded to a four-day trial on Plaintiff's Title VII sex discrimination and hostile work environment claims. On November 16, 2018, the jury returned its verdict in favor of Defendant. (Doc. 106). Based on the jury verdict, the Court entered its Final Judgment on November 27, 2018, holding that Plaintiff failed to prove her claims by a preponderance of the evidence and denying any relief for those claims. (Doc. 107). Thereafter, Defendant timely-filed the instant Motion requesting that the Court award its reasonable attorney fees and taxable costs incurred throughout this litigation. (Doc. 108).

## II.   DISCUSSION

### A.  Attorney Fees

In considering an award of attorney fees, the Court begins its analysis with the "American Rule": each litigant pays his own attorney fees, win or lose, unless a statute or contract provides otherwise. *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 253 (2010). With respect to Title VII cases, the statute authorizes that "[i]n any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party . . . reasonable attorney[ ] fee[s] (including expert fees) as part of the costs." 42 U.S.C.A. § 2000e-5(k). The Supreme Court has clarified that when—as here—the defendant is the prevailing party, "a district court may in its discretion award attorney[ ] fees . . . upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 421 (1978).

"[T]o determine whether a suit is frivolous, a court must ask whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful." *Stover v. Hattiesburg Public School Dist.*, 549 F.3d 985, 997–98 (5th Cir. 2008) (internal quotations omitted). In making this determination, the court should "resist the

understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Id.* (citing *Christiansburg*, 434 U.S. at 421–22). Defendant argues that Plaintiff's claims were meritless and lacked foundation and that Plaintiff's continued pursuit of her claims was in bad faith. (Doc. 108 at 3).

Importantly, the Court determined there was sufficient evidence in the record of Plaintiff's claims of sex discrimination and hostile work environment against Defendant for those claims to survive summary judgment. (Doc. 75). *See Stover*, 549 F.3d at 998 (reversing the award of attorney fees to defendant and finding the action was not frivolous when the district court had determined the evidence of some of the plaintiff's Title VII claims was sufficient to survive summary judgment); *see also Rudkin v. Roger Beasley Imports, Inc.*, No. A-17-CV-849-LY, 2019 WL 2754947, at *2 (W.D. Tex. July 2, 2019) ("The mere fact that most of plaintiff's claims were dismissed on summary judgment does not warrant an award of fees."). The claims proceeded to trial, where the jury ultimately returned a verdict in favor of Defendant. (Doc. 106). However, "a unanimous verdict for the [defendant] does not totally negate that evidence; it simply means that the jury unanimously concluded that the weight of the evidence was not in [the plaintiff's] favor." *Stover*, 549 F.3d at 998. Accordingly, the Court finds there was plausible evidence supporting Plaintiff's action and to find otherwise would require the Court to conduct an erroneous, *post hoc* review of the matter.

Defendant attempts to bolster its request for attorney fees by alleging that Plaintiff "pressed her claims in bad faith." *Christiansburg*, 434 U.S. at 422 (1978) ("[I]f a plaintiff is found to have brought or continued such a claim in bad faith, there will be an even stronger basis for charging him with the attorney[ ] fees incurred by the defense."). However, Plaintiff's partial victory at the summary-judgment stage, and the Court's determination that Plaintiff's action was not meritless or without foundation above, frustrates Defendant's assertion of bad faith. Further, the Court finds Defendant's arguments—pointing to the EEOC's dismissal, which also notified Plaintiff of her right

to pursue the matter by filing a lawsuit; attacking slight inconsistencies in Plaintiff's trial testimony, which could have easily been impeached; and complaining of Plaintiff's unsatisfactory deposition testimony, which was remedied throughout discovery—do not establish that Plaintiff continued to pursue her claims in bad faith.

Accordingly, the Court concludes that Plaintiff's action was not frivolous, unreasonable, or without foundation. *Christiansburg*, 434 U.S. at 421. Therefore, Defendant is not entitled to attorney fees under Title VII.

### B.  Taxable Costs

Defendant's Amended Bill of Costs, attached to its Reply, seeks $5,901.48 in taxable costs. (Doc. 114 at 7). "Unless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). In turn, "[§] 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987). Thus, the Court's discretion in taxing costs against an unsuccessful litigant is limited to:

(1)  Fees of the clerk and marshal;

(2)  Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3)  Fees and disbursements for printing and witnesses;

(4)  Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5)  Docket fees under section 1923 of this title; and

(6)  Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Although a district court may decline to award costs listed in the statute, it may not award costs omitted from the statute. *See Crawford*, 482 U.S. at 441–42.

Defendant's Amended Bill of Costs enumerates: (1) fees for printed or electronically recorded transcripts necessarily obtained for use in the case in the amount of $2,678.00; (2) fees for witnesses Amber Perry, David Pornales, and Steven Credit totaling $2,890.34; (3) fees for

4

exemplification and the costs of making copies of $313.14; and (4) docket fees under 28 U.S.C. 1923 of $20.00. (Doc. 114 at 7). Plaintiff raised several objections to Defendant's Bill of Costs. (Doc. 112).

First, Defendant requested $2,678.00 for "printed or electronically recorded transcripts" related to Plaintiff's depositions. (Doc. 114 at 7, 9–10). Plaintiff admits that—if any—the only recoverable, taxable costs are those associated with the transcripts of Plaintiff's depositions, with total $2,237.00. (Doc. 112 at 2). The $441.00 disparity between Defendant's requested amount and Plaintiff's concession covers an "attendance fee," exhibits, a "litigation package" of all electronic files, and shipping and handling associated with the depositions. (Doc. 114 at 9–10). Plaintiff argues that "[i]ncidental fees for electronic copies are for the convenience of the lawyers and are not recoverable." (Doc. 112 at 2).

The Court agrees that Plaintiff's deposition was "necessarily obtained for use in this case" as required under 28 U.S.C. § 1920(2). *See Fogleman v. ARAMCO (Arabian Am. Oil Co.)*, 920 F.2d 278, 285 (5th Cir. 1991) ("If, at the time it was taken, a deposition could reasonably be expected to be used for trial preparation, rather than merely for discovery, it may be included in the costs of the prevailing party."). "A prevailing party may recover the costs of taking, transcribing, and reproducing depositions that are necessarily obtained for use in the case." *Leal v. Magic Touch Up, Inc.*, No. 3:16-CV-00662-O, 2019 WL 162885, at *2–3 (N.D. Tex. Jan. 9, 2019) (internal quotations and citations omitted). This Court has previously found that when there is a reasonable expectation the deposition would be used for trial preparation, the costs for the original and one copy of each deposition transcript per party in its standard form—as well as the cost of exhibits to depositions—are taxable against the non-prevailing party. *See Neely v. PSEG Texas, LP*, No. MO-10-CV-030, 2012 WL 12877922, at *3–4 (W.D. Tex. Oct. 25, 2012). However, the Court has distinguished these taxable costs from "other incidental costs" such as

summaries, "litigation disks," postage, and delivery incurred for the convenience of the party. *See id.* at *4. Accordingly, the Court finds that the costs associated with the original transcripts, attendance fee, and exhibits—totaling $2,526.50—are taxable against Plaintiff. (Doc. 114 at 9–10). However, the "litigation package" and shipping and handling costs are incidental and non-recoverable costs. (Doc. 114 at 9–10).

Defendant next seeks $2,890.34 in "[f]ees for witnesses." (Doc. 114 at 7). The subsection of § 1920 authorizing such costs "must be read in conjunction with [18 U.S.C. §] 1821 which, in effect, defines the taxable fees and disbursements associated with witnesses." *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64–65 (5th Cir. 1994). Relevant to Defendant's Amended Bill of Cost, § 1821 provides for "all normal travel expenses" and a "subsistence allowance" for witnesses in certain circumstances. 28 U.S.C. § 1821. Plaintiff challenges the request for Amber Perry's subsistence allowance and travel from Atlanta, Georgia because Perry is a resident of Midland, Texas, where the trial was conducted. (Doc. 112 at 2). Defendant never explains why Perry was "required" to travel from Atlanta, Georgia and the Court finds that a roundtrip ticket to a city where the witness does not reside does not constitute "normal travel expenses." 28 U.S.C. § 1821(c)(4). Similarly, the subsistence allowance for witnesses "shall be paid to a witness when an overnight stay is required at the place of attendance because such place is so far removed from the residence of such witness as to prohibit return thereto from day to day." 28 U.S.C. § 1821(d)(1). Here, Perry's purported residence is in the same city as the place of attendance and—because Defendant fails to provide further explanation regarding the necessity of overnight lodging—the Court finds that these costs are not taxable to Plaintiff. However, Plaintiff does not specifically object to the requested subsistence allowance and mileage expenses related to David Pornales' travels from New York, nor the subsistence allowance for Steven Credit, a Dallas resident. (Doc. 114 at 8). After reviewing the

6

relevant *per diem* rates and travel receipts produced by Defendant, the Court finds no reason to deny the costs associated with witnesses Pornales and Credit in the amount of $2,045.74.

In its Reply, Defendant further clarifies that the requested "fees for exemplification and the costs of making copies" are related to the three "blow-ups" utilized at trial. (Doc. 114 at 3). However, trial demonstratives are not recoverable expenses under § 1920 and, therefore, the Court will not award Defendant its requested $313.14. *See Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993), *opinion reinstated in part on reh'g*, 61 F.3d 1113 (5th Cir. 1995) ("The district court denied [the defendant's] request for . . . $1,744.96 for "blow-ups" used at trial . . . [t]hese expenses are not included in § 1920 and therefore are not recoverable.").

Finally, Defendant requested $20.00 in docket fees in accordance with 18 U.S.C. § 1923. (Doc. 114 at 7). With respect to docket fees, § 1920(5) directs the Court to 28 U.S.C. § 1923 which—in relevant part—provides that "docket fees in courts of the United States may be taxed as costs as follows: $20 on trial or final hearing." 28 U.S.C. § 1923(a). Thus, the Court overrules Plaintiff's objection and awards Defendant's requested cost for docket fees.

## III. CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion for Attorneys' Fees and Taxable Costs. (Doc. 108).

Specifically, the Court **DENIES** Defendant's request for attorney fees. *Id*.

Further, the Court **DENIES** Defendant's request for taxable costs associated with the "fees for exemplification and the costs of making copies," i.e., the "blow-ups." (Doc. 114 at 3).

However, the Court **GRANTS** Defendant's request for taxable costs in accordance with Defendant's Amended Bill of Costs (Doc. 114 at 7) and **AS MODIFIED** below:

| | |
|---|---|
| Fees for printed or electronically recorded transcripts necessarily obtained for use in the case | $2,526.50 |
| Fees for witnesses | $2,045.74 |

Docket fees under 28 U.S.C. § 1923                          $20

**TOTAL:   $4,592.24**

It is so **ORDERED**.

SIGNED this 23rd day of August, 2019.

_____
DAVID  COUNTS
UNITED STATES DISTRICT JUDGE